United States District
Court Middle District of
Florida Tampa Division

CHANDRA L. GOLDEN CASE NO.: 8:16-CV-00624-JDW-EAJ

PLAINTIFF,

v.

MSC CARE MANAGEMENT, INC.

Defendant

_____________________________________________/

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

**Introduction**

1. This is an action on behalf of the Plaintiff, Chandra L. Golden (hereinafter "Golden") to secure protection of and redress deprivation of rights secured by 42 U.S.C. § 2000 et seq. providing for injunctive and other relief against race discrimination.
2. In June of 2013, Golden filed a formal charge alleging discrimination on the basis of her Race (African American) with the Equal Employment Opportunity Commission (EEOC). (A true and accurate copy of her EEOC Charge of Discrimination is market as Exhibit "A")
3. Golden received her Notice of Right to Sue from EEOC after she received it via mail on February 10th, 2016 and the instant complaint is filed within the requisite time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit "B")

**Parties**

4. At all material times herein, the Plaintiff, Chandra L. Golden RDH (Registered Dental

Hygienist) was a resident of Pinellas County FL.

5. MSC Care Management “One Call” is a Florida limited liability company operating a business under and owning the fictitious name registered as One Call Care Management. One Call provides claim and case management nationally through its five separate call centers located Florida, New Jersey and California.

**Jurisdiction and Venue**

10. The unlawful employment actions complained of herein took place in Pinellas County, Florida and venue is proper in the Middle District of Florida pursuant to 28 U.S. C. § 1391 (b).

11. At all relevant times, One Call was an Employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e), et seq. in that it employed 15 or more individuals in twenty (20) or more weeks in the current or preceding year and was in an “industry affecting commerce” as that term is defined and interpreted under Title VII.

**Factual background**

12. Golden applied for the position of clinical reviewer on September 9th of 2012 and began working as a Dental Care Coordinator III on January 8th, 2013.

13. The Clinical Reviewer position consists of analyzing therapeutic documents for dental necessity, and offering recommendations regarding plan of care. The position is generally filled with an experienced Registered Dental Hygienist.

14. Golden was passed over for the position of Clinical Reviewer because of her Race and offered the position of Dental Care Coordinator III.

15. The Dental Care Coordinator III position involves the coordination and management of dental treatment appointments, and there is generally great responsibility associated with both written and oral communication and customer service.

16. Within the first week of her employment, Golden spoke with management about her position and assignment as a Dental Care Coordinator III as opposed to a Clinical Reviewer.

17. Management notified her that the position she initially applied for was not currently hiring and there were no openings.

18. There are no African Americans on the Clinical Reviewer Team and all members of the team are Caucasian or light skinned Hispanic.
19. Over the course of her tenure with One Call, Golden was passed over for the position five separate times for white or caucasian employees with less experience or no Florida Dental Hygienist license.
20. Golden made numerous verbal and written appeals to determine why she was not being considered for the Clinical Reviewer position.
21. Golden was told that the supervisor of the Clinical Reviewer team, Rea Imbruglia (White), did not like working with "Black Women" and she would never be hired as a Clinical Reviewer.
22. Golden consistently received positive feedback and mentioned for her excellence of performance in the course of her responsibilities, with an emphasis on her customer service skills.
23. Golden tendered her resignation on August 20th, 2013 because One Call gave no indication of discontinuing its discriminatory practices or retaliation against the Plaintiff.

**Count One: Race Discrimination**

24. Plaintiff incorporates as if re-alledged paragraphs 1-23
25. Because Race was the motivating factor in the Defendant's decision to place the Plaintiff in a lesser position incommensurate with her significant experience and deny her a promotion on five separate occasions, the Defendant and its agents violated Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, both as amended with knowing and/or reckless disregard of the Acts' proscriptions.

**Count Two: Retaliation/Constructive Discharge**

26. Golden incorporates as if re-alledged paragraphs 1-23.
27. After filing with the EEOC in June of 2013, One Call continued to refuse to transfer her into a position more commiserate with her education, skills and experience.
28. One Call, by and through its company management, began verbally referring to her work as subpar and spreading rumors that she was not meeting her expectations as an employee.
29. One Call, by and through its company management and leadership, never specifically counseled Golden or identified any perceived deficiencies in work product or performance.
30. One Call directed Golden to remove RDH from her signature with no justification or compelling

reason beyond demeaning, humiliating and undermining her credibility.

31. Management and leadership of the Defendant maligned and humiliated Golden through the utilization of negative characterizations and references such as "ghetto" and "ignorant" during company formal and informal leadership and management meetings.

32. Numerous employees of the Defendant notified Golden that she needed to "watch out" because leadership and management was investigating her conduct for the specific purpose of finding a pretext for her dismissal.

33. Because Golden's employer through its agents, including company leadership and management refused to transfer her into a position more commiserate with her education, skills and experience and because, subsequent to filing with the EEOC in June of 2013, One Call began harassing her on a daily basis, Golden tendered her resignation on August 20th, 2013 after One Call gave no indication of discontinuing its discriminatory practices or retaliation against the Plaintiff, Defendant is in violation of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, both as amended.

**Prayer for Relief**

WHEREFORE, Plaintiff demands and prays this Court to grant the following relief:

(a) A declaratory judgment providing that the Defendants violated the Title VII;

(b) An award of compensatory damages to Plaintiff in an amount equal to her lost compensation and benefits, occasioned by Defendants' misconduct;

(c) An award of general and punitive damages to Plaintiff to compensate her for the mental and emotional distress occasioned by Defendants' misconduct;

(d) Reasonable attorneys' fees and costs,

(e) A trial by jury on all issues so triable; and

(f) Such other and further relief as the Court deems just and proper.

Submitted:

/s/ Frank M. Malatesta Esq.
FRANK M. MALATESTA
Florida Bar No. 0097080

Attorney for Plaintiff
Malatesta Law Office
340 Tamiami Trl South, Suite 210
Nokomis, FL 34275
941.256.3812 PHONE
888.501.3865 FAX
frank@malatestalawoffice.com

I hereby certify that on this 29th Day of March, 2016, I electronically filed the foregoing First Amended Complaint with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following to Defendant's counsel after he or she appears before the court regarding this matter. Additionally, I have sent via U.S. Mail a copy of the First Amended Complaint to the Defendant's registered agent located at:

MSC CARE MANAGEMENT, INC.
CORPORATE CREATIONS NETWORK INC.
11380 PROSPERITY FARMS ROAD
#221E
PALM BEACH GARDENS, FL 33410

/s/ Frank M. Malatesta
Counsel for the Plaintiffs